**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1183
_____

DOUGLAS JAVIER MENJIVAR MEJIA; RUTH NOEMY RIVERA DE MENJIVAR;
BRANDON STEVEN GAMEZ RIVERA; A.D. M.R.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Nos. A220-933-968, A220-933-969,
A220-933-970, A220-933-971)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 29, 2024

Before: CHAGARES, *Chief Judge*, PORTER and CHUNG, *Circuit Judges*.

(Filed: October 30, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Petitioners Douglas Menjivar Mejia and his family, Salvadorian nationals, applied for asylum under the Immigration and Nationality Act, 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and for relief under the Convention Against Torture ("CAT") under 8 C.F.R. § 1208.16. The Immigration Judge ("IJ") denied all three claims. The Board of Immigration Appeals ("BIA") affirmed, finding the IJ did not clearly err in concluding that Menjivar Mejia, whose testimony was the basis for the claims of his whole family, was not credible and that Petitioners thus failed to meet the evidentiary burden to secure asylum. *See* § 1158(b)(1)(B) (petitioner's burden of proof); 8 C.F.R. § 1003.1(d)(3)(i) (BIA performs clear error review). The BIA also affirmed that Petitioners failed to qualify for withholding of removal or relief under the CAT. We conclude that the IJ had substantial evidence in finding Menjivar Mejia non-credible and thus agree with his determinations. We will therefore deny the petition.[1]

Findings of credibility are based upon "the totality of the circumstances, and all relevant factors." § 1158(b)(1)(B)(iii). Here, the IJ's decision rested on "the [in]consistency between the applicant's . . . statements" and "other evidence of record." *Id.* Petitioners' case rests on alleged threats from (or believed to be from) a man named

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo. *See Sunuwar v. Att'y Gen.*, 989 F.3d 239, 247 (3d Cir. 2021). "We affirm any findings of fact supported by substantial evidence and are 'bound by [them] unless a reasonable adjudicator would be compelled to arrive at a contrary conclusion.'" *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 421 (3d Cir. 2005)).

Julio Cesar, from whom Menjivar Mejia tried to purchase a truck. The IJ observed the following contradictions in Menjivar Mejia's testimony on the matter: First, Menjivar Mejia testified that Cesar was "found guilty" of aggravated fraud in the events following the failed truck deal, but then when confronted with contrary evidence, he admitted that Cesar was not convicted and settled out of court with Menjivar Mejia. Second, Menjivar Mejia said, variably, that the settlement amount was $12,000 and a car, or $12,000 and an additional sum for direct loss from Cesar's fraud; in addition, Menjivar Mejia was inconsistent as to whether the amount sought in damages was $16,000 or $20,000. Third, Menjivar Mejia testified both that Cesar paid the settlement amount in full, and that Cesar did not and could not afford to do so. Fourth, Cesar fled to avoid accountability, but Menjivar Mejia testified first that he fled in February 2016 and then later said he fled in December 2016. Finally, Menjivar Mejia said he received two threats from Cesar: one in 2018, and one in "June or July of 2021." Add. 28–29. The latter threat was particularly relevant since it came within a month of the family's illegal crossing into the United States. But when pressed by DHS counsel at the asylum hearing, Menjivar Mejia admitted that the letter was anonymous, and he merely suspected Cesar was involved.

IJs are entitled to "wide latitude" in how they analyze and weigh factors. *Sunuwar*, 989 F.3d at 250 (quoting *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 198 (3d Cir. 2017)). And while the immigration code provides numerous lenses through which to evaluate credibility, the presence of inconsistencies and contradictions may be enough to foreclose witness credibility. *Id.* at 249–53. Menjivar Mejia's contradictions strike at the heart of whether he and his family faced "persecution" or possessed "a well-founded fear of

3

persecution." 8 U.S.C. § 1101(a)(42)(A). That is persuasive, because a contradiction need *not* "go to the heart of the asylum claim" to support a finding of non-credibility. *Sunuwar*, 989 F.3d at 250 (citing § 1158(b)(1)(B)(iii)). When did Cesar last threaten him: three years, or a few weeks, before the family left for America? Was Cesar convicted, or not; did he repay Menjivar Mejia, or not? Even if these inconsistencies were "small potatoes . . . their cumulative effect is great." *Pan v. Gonzales*, 489 F.3d 80, 86 (1st Cir. 2007). Since a "reasonable fact finder could . . . find[]" Menjivar Mejia was not credible, "the finding is supported by substantial evidence." *Konan v. Att'y Gen.*, 432 F.3d 497, 501 (3d Cir. 2005) (quoting *Dia v. Ashcroft*, 335 F.3d 228, 249 (3d Cir. 2003)).

The lack of credibility fully resolves Petitioners' claims, because Menjivar Mejia did not put forth sufficient evidence to support his asylum claim in the absence of credible testimony. § 1158(b)(1)(B)(ii). Likewise, for the Attorney General to grant withholding of removal, the alien must establish—subject to the same burden and credibility standard—that his "life or freedom would be threatened" on account of a protected class if the alien were returned to his native country. *Id.* § 1231(b)(3)(A), (C). Menjivar Mejia's inconsistencies, particularly regarding the date of Cesar's most recent threat, undercut his claim that he and his family face future persecution. So, the IJ did not err in denying withholding of removal.

Finally, to secure relief under the CAT, Petitioners bear the burden of proof to show it is "more likely than not" that they would face torture on return to El Salvador. 8 C.F.R § 1208.16(b)(iii). It is possible that a non-credible petitioner can prevail if extrinsic evidence, such as a State Department report, carries the burden. *See Konou v. Holder*,

4

750 F.3d 1120, 1125 (9th Cir. 2014). But "[i]n the circumstances of this case, it is clear [Petitioners] cannot prevail" because there is no credible evidence that, taken together, would compel us to conclude Petitioners are entitled to relief under the CAT. *Sunuwar*, 989 F.3d at 252.

For these reasons, we will deny the petition.